IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:20CR174 |
| v. | |
| LAURYN A. BESTA, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on defendant Lauryn A. Besta's ("Besta") pro se Motion to Compel Defense Counsel to Surrender Defendant's Case File (Filing No. 112). In particular, Besta contends her case file should include

1. All Discovery Materials By Standing Court Order[;]
2. All Court filings, Motions, Responses and Orders[; and]
3. All Other Notes, Letters, Correspondences, E-mails and any other tangible thing associated with her Case.

Besta contends her counsel has not surrendered her entire file to her because he is "Clearly aware that the defendant Seeks these Records to pursue Post-Conviction Relief, And has delayed at a crucial point."

After careful review, the Court finds insufficient grounds for Besta's requested relief at this time. Besta provides no procedural or statutory basis for her motion to compel and—to date—has not filed a motion under 28 U.S.C. § 2255. In essence, Besta's motion is a request for discovery in anticipation of possibly seeking post-conviction relief at some point in the future.[1] But a federal prisoner like Besta "is not entitled to file a motion for discovery -- of transcripts, indictments, search warrants, or other records -- before filing a

---

[1] The Court offers no opinion on the potential viability of such a claim but notes a one-year statute of limitation generally applies to § 2255 motions. *See id.* § 2255(f).

§ 2255 motion to vacate." *United States v. Cuya*, 964 F.3d 969, 972 (11th Cir. 2020); *accord United States v. Reichel*, No. 14-CR-0298 (WMW/FLN), 2020 WL 638898, at *1 (D. Minn. Feb. 11, 2020) (noting discovery is generally not warranted absent a viable § 2255 motion and concluding "the fact that certain ethical obligations may be implicated by" the defendant's request for his counsel's case files did not establish that a federal district court "has the authority to compel his former attorneys to produce documents to [the defendant] in the circumstances presented"). That limitation includes a prisoner's request for her counsel's cases file. *See Cuya*, 964 F.3d at 971.

Without articulating any colorable basis in law or fact for her request, Besta's motion is both premature and overbroad. *See Calderon v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 98 F.3d 1102, 1106 (9th Cir. 1996) (giving several reasons why pre-petition discovery in habeas cases is impermissible). She seems to assume that something in her counsel's case file will amount to ineffective assistance of counsel, but she fails to provide any factual support for that assumption or any plausible connection between her counsel's perceived actions or inactions and a viable claim. She doesn't even say in general terms what she thinks her counsel did wrong. "District courts routinely deny requests for such discovery—including requests to compel attorneys to surrender a case file—absent a showing of good cause after a *viable* habeas petition has been filed." *Reichel*, 2020 WL 638898, at *1.

"Habeas is an important safeguard whose goal is to correct real and obvious wrongs. It was never meant to be a fishing expedition for habeas petitioners to 'explore their case in search of its existence.'" *Rich v. Calderon*, 187 F.3d 1064, 1067 (9th Cir. 1999) (*quoting Calderon*, 98 F.3d at 1106; *see also Bracy v. Gramley*, 520 U.S. 899, 904 (1997) ("A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course."); Rule 6(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts (imposing a good-cause requirement for discovery). None of this relieves Besta's counsel of any ethical obligations he may have

2

to communicate with his client and to provide her with information about his representation of her, but it does preclude Besta's motion to compel. Accordingly,

IT IS ORDERED:

1. Defendant Lauryn A. Besta's pro se Motion to Compel Defense Counsel to Surrender Defendant's Case File (Filing No. 112) is denied.
2. The Clerk of Court is directed to send a copy of this Memorandum and Order to Besta at her address of record.

Dated this 3rd day of May 2023.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge